UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ERIC LEIFERT<br>Plaintiff | : CIVIL NO. 3:02 CV2021(JCH)<br>: |
| VS. | : |
| OFFICER EUGENE ROUT, JR.,<br>ET AL<br>Defendants | :<br>:<br>: MAY 10, 2004 |

*U.S. DISTRICT COURT, BRIDGEPORT, CONN. 2004 MAY 14 P 12: 42 FILED*

## JOINT STATUS REPORT

1.) <u>Nature of the Case</u>

This claim arises from the arrest of the plaintiff, Eric Leifert in Winsted, Connecticut on November 12, 2000. The plaintiff alleges that on November 12, 2000, he was arrested in front of his home by the defendants, Officer Eugene Ruot and Officer David Rosati of the Winchester Police Department. Furthermore, the plaintiff alleges that during the course of his arrest the aforementioned defendants used excessive force, causing him physical and emotional injuries.

The plaintiff has stated claims against the aforementioned defendants under state law for assault, negligence and negligent infliction of emotional distress. The complaint also sets out claims under federal law for numerous civil rights violations against officers Rout and Rosati for denial of his right to be free from excessive force, his right to due process, equal protection and medical attention for his injuries.

The plaintiff has also made claims of civil rights violations against Police

Chief, Nicholas Guerriero and the Town of Winchester. However, after conferring on the matter, the parties have reached an understanding that the plaintiff will withdraw his claims against Police Chief Nicholas Guerriero and the Town of Winchester. The plaintiff seeks compensatory and punitive damages, as well as reasonable attorney's fees and costs of litigation.

2.)   Disputed Issues

As to the plaintiffs claims, there appears to be no dispute that the plaintiff was arrested on November 12, 2000 by the defendant police officers. The plaintiff denies that he was combative with the police officers or otherwise resisted being taken into custody. The defendants have claimed that they used only that force which was reasonable and necessary to take the plaintiff into custody. The defendants deny the plaintiff's claims.

3.)   Discovery

To date the parties have engaged in written discovery and the plaintiff's deposition has been taken by the defendants, however discovery has been delayed by the absence of Officer David Rosati. Officer Rosati is currently serving on active duty with the United States Armed Services in Iraq. This has led to a Motion To Stay being filed by the Defendants and granted by the Court.

Counsel for the parties have conferred regularly regarding Officer Rosati's absence. Officer Rosati just returned from overseas military duty and is not yet back to work. Plaintiff anticipates deposing both defendant police officers upon Officer Risotti's return to work.

4.) <u>Dispositive Motions</u>

The plaintiff does not anticipate filing any dispositive motions. The defendants wish to preserve their right to move for summary judgement.

5.) <u>Additional Pleadings</u>

The plaintiff does not anticipate filing additional pleadings other than those that might be required in light of Officer Rosati's prior absence.

6.) <u>Trial</u>

The parties expect that the case should be ready for trial within six months. The parties estimate that the case will require three to four days to be tried.

7.) <u>Additional Preparation Required</u>

Other than the aforementioned completion of discovery, the plaintiff will require little further preparation to be ready for trial. The defendants have several fact witnesses which they wish to depose, whose whereabouts they have

been unable to establish.

8.)     Court Action

The parties do not see any further measures being taken by the Court to facilitate the progress of this case, other than those which may facilitate settlement.

9.)     Settlement

The plaintiff believes that the case may benefit from a settlement conference. The parties have conferred and continue to discuss the possibility of settlement. The parties have no objection to this matter being referred to a Magistrate Judge.

| THE DEFENDANTS, | THE PLAINTIFF, |
|---|---|
| BY _____ | BY _____ |
| James N. Tallberg by/ccs | Christopher G. Santarsiero |
| Updike, Kelly & Spellacy | 100 Grand Street |
| One State Street | Suite 2C |
| P.O. Box 231277 | Waterbury, CT 06702 |
| Hartford, CT 06123-1277 | CT #13606 |
| CT # | (203) 756-5640 |
| (860) 548-2600 | |

## PLAINTIFF'S CERTIFICATION

THIS IS TO CERTIFY that on this 11th day of May, 2004, a copy of the foregoing, were mailed, via first class, postage prepaid, to the following counsel of record:

James N. Tallberg
Updike, Kelly & Spellacy
One State Street
P.O. Box 231277
Hartford, CT 06123-1277

Christopher G. Santarsiero